IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA23-29

Filed 7 November 2023

Buncombe County, Nos. 17 JT 228, 18 JT 227

IN THE MATTER OF: D.T.P. & B.M.P.

Appeal by Respondents from orders entered 12 September 2022 by Judge Ward

D. Scott in Buncombe County District Court.  Heard in the Court of Appeals 3 October

2023.

> *Matthew J. Putnam, Esq., for Petitioner-Appellee Buncombe County Department of Health and Human Services.*
>
> *Michael N. Tousey for Appellee Guardian ad Litem.*
>
> *Edward Eldred for Respondent-Appellant Mother.*
>
> *Garron T. Michael, Esq., for Respondent-Appellant Father.*

COLLINS, Judge.

Respondent-Mother ("Mother") and Respondent-Father ("Father") (collectively

"Parents") appeal from orders terminating their parental rights to their children Dee

and Bea.[1]  Parents argue that the trial court erred by determining that Parents had

forfeited their statutory right to court-appointed counsel during termination

proceedings.  Because the trial court's findings regarding Parents' conduct is

---

[1] Pseudonyms are used to protect the identities of the children.  *See* N.C. R. App. P. 42(b).

supported by the record, and because those findings support the trial court's conclusion that Parents' conduct justified forfeiture of their right to court-appointed counsel, we affirm.

## I.    Background

This matter commenced on 20 July 2017 when the Buncombe County Department of Health and Human Services ("BCHHS") filed a petition alleging that Dee was a neglected juvenile. Parents requested court-appointed counsel, and the trial court appointed Ile Adaramola ("Adaramola") as Mother's counsel and Diane Walton ("Walton") as Father's counsel. Dee was adjudicated a neglected juvenile on 27 February 2018. Walton withdrew as Father's counsel on 28 August 2018, and the trial court appointed Eric Rainey ("Rainey") as Father's counsel.

Bea was born in July 2018. On 21 August 2018, BCHHS filed a petition alleging that Bea was a neglected juvenile. Parents requested court-appointed counsel for Bea's case, and the trial court appointed Adaramola as Mother's counsel and Rainey as Father's counsel. Adaramola and Rainey withdrew in October 2018, and Parents retained Mark Upright ("Upright") as private counsel for both cases at the beginning of November. On 29 November 2018, Upright withdrew without objection, and the trial court appointed Terry Young ("Young") as Mother's counsel and Thomas Diepenbrock ("Diepenbrock") as Father's counsel in both cases.

In September 2019, Young moved to withdraw as Mother's counsel due to the relationship becoming irreparably damaged, and the trial court appointed Laura

Hooks ("Hooks") to represent Mother. On 3 December 2019, Diepenbrock moved to withdraw as Father's counsel "[b]ased on irreconcilable differences and completely differing views about how [Father's] interests should be represented in these matters[.]" A week later, Hooks moved to withdraw as Mother's counsel because "grounds exist[ed] pursuant to Rule 1.16 of the North Carolina Rules of Professional Conduct." The trial court allowed both attorneys to withdraw and appointed Heidi Stewart ("Stewart") as Mother's counsel and Carol Goins ("Goins") as Father's counsel.

On 8 June 2020, Bea was adjudicated neglected. Parents appealed Bea's adjudication to this Court, which was affirmed by opinion filed on 6 April 2021. *See In re B.M.P.*, No. COA20-794, 2021 WL 1258763 (N.C. Ct. App. Apr. 6, 2021). While Bea's case was on appeal with this Court, BCHHS filed a petition to terminate Parents' parental rights to Dee, which it later dismissed without prejudice. On 7 October 2021, BCHHS filed petitions to terminate Parents' parental rights to both Dee and Bea. Mother, through Stewart, moved to dismiss the termination petition in Bea's case on 30 November 2021. After considering Mother's motion, the trial court issued a memo to counsel for each party stating:

> After review of the applicable law and making such inquiry as the Court deemed appropriate, it is the determination of the Court that the pending motions to dismiss in [this matter] should be dismissed.
>
> [Counsel for BCHHS], please draft a proposed Order for my consideration at your earliest convenience.

Although still represented by Stewart, Mother filed a pro se notice of appeal to this Court from the memo.

On 20 January 2022, Parents, acting pro se, filed a civil action against their own counsel, Stewart and Goins, and several other individuals. On 28 January 2022, the trial court allowed Goins to withdraw as Father's counsel. On 8 February 2022, the trial court allowed Stewart to withdraw as Mother's counsel.

On 8 February 2022, the trial court held a hearing to determine the status of counsel, which Parents appeared pro se. During the hearing, Parents testified that they were aware that filing a lawsuit against Stewart and Goins would result in their withdrawal from representation, and that withdrawal and reappointment of counsel would lead to a continuance in the case. Father also acknowledged that he appealed to the United States Supreme Court, stating, "That was discretionary. I didn't really try to get it[2] into the United States [Supreme Court] because I knew it was just a neglect case. It wasn't an appeal for a [termination of parental rights] yet."

On 10 February 2022, the trial court issued a memo to Parents, counsel for BCHHS, and counsel for the guardian ad litem, stating:

> After review of the Court Files, the credible evidence presented and the applicable law, it is the determination of the Court that the [Parents], by their intentional acts, have forfeited the right to Court appointed counsel.

Termination of parental rights proceedings were held over eight days between

---

[2] The record does not disclose what was appealed to the United States Supreme Court.

March and May 2022, during which parents appeared pro se. On 12 September 2022, the trial court issued orders terminating Parents' rights to Dee and Bea ("Termination Orders"), as well as an order formalizing the trial court's determination that Parents had forfeited their right to court-appointed counsel ("Forfeiture Order"). In the Forfeiture Order, the trial court found:

13. The respondent father has had five different court appointed attorneys since the Court became involved with his family. The respondent mother has had six different court appointed attorneys since the Court became involved with her family.

14. Both respondent parents have exhibited a calculated plan to delay the court proceedings as much as possible. They have filed invalid appeals with the Courts of Appeal of North Carolina. At one point the respondent parents filed an appeal attempting to appeal a memorandum of law issued by the court which had not been reduced to a court order. The respondent parents also filed invalid appeals with the Supreme Court of the United States. While all these attempted appeals were dismissed by the respective courts, the parents used these tactics as ways to delay the court from moving forward with the Termination of Parental Rights case.

15. The respondent parents also learned that having an appointed attorney withdraw and a new attorney appointed resulted in the hearing being continued by the court to allow the new attorney time to prepare for the hearing.

16. The respondent parents have taken advantage of this practice of the court in order to delay the [termination of parental rights] hearing by repeatedly waiting to at or near the time of a hearing to request their counsel to withdraw.

17. The respondent parents filed a lawsuit in Buncombe County Superior Court for the purpose to make their latest court appointed attorneys withdraw and to delay the trial

court in reaching the hearing on the termination of parental rights petition. . . . While this lawsuit was also dismissed with prejudice it shows the lengths the respondent parents were willing to use to frustrate, disrupt, and delay the court process.

18. The respondent parents have forfeited their right to counsel by engaging in actions which totally undermine the purposes of that right to counsel by making representation impossible and seeking to prevent a trial from happening. This conduct has been egregious, dilatory, and abusive conduct on the part of respondent parents and has disrupted the court from proceeding to trial on the termination case in a timely manner.

From its findings, the trial court concluded that "respondent parents have each separately and together forfeited their right to court appointed counsel by their deliberate acts[,]" and ordered that "respondent parents shall not have new court appointed attorneys appointed in the matters pending before this Court." Parents appealed.

## II.    Discussion

### A. Standard of Review

A trial court's conclusion that a parent waived or forfeited his or her statutory right to counsel in a termination of parental rights proceeding is a question of law and is thus reviewed de novo. *In re K.M.W.*, 376 N.C. 195, 209-10, 851 S.E.2d 849, 860 (2020) (citation omitted). Additionally, when the trial court makes findings of fact, those findings are binding on appeal if they are supported by competent evidence in the record. *See State v. Williams*, 362 N.C. 628, 632, 669 S.E.2d 290, 294 (2008) (citation omitted); *see also State v. Simpkins*, 373 N.C. 530, 533 n.3, 838 S.E.2d 439,

444 n.3 (2020) (noting that a trial court's findings of fact regarding whether a defendant forfeited their right to counsel would be entitled to deference (citation omitted)). This is true even if the record could support an alternative finding. *Williams v. Pilot Life Ins. Co.*, 288 N.C. 338, 342, 218 S.E.2d 368, 371 (1975) (citation omitted); *see also State v. Williams*, 362 N.C. at 632, 669 S.E.2d at 294 ("Even if evidence is conflicting, the trial judge is in the best position to resolve the conflict." (quotation marks and citation omitted)). In such circumstances, this Court determines whether the trial court's findings of fact support its conclusions of law. *State v. Williams*, 362 N.C. at 632, 669 S.E.2d at 294 (citation omitted).

Here, the trial court made findings of fact. Accordingly, we review to determine whether the trial court's findings are supported by competent evidence, and, if so, whether those findings support its conclusion that "respondent parents each separately and together forfeited their right to court appointed counsel by their deliberate acts."

## B. Right to Counsel

Parents argue that the trial court erred by concluding that Parents had forfeited their statutory right to court-appointed counsel.

"[T]he Due Process Clause of the Fourteenth Amendment protects the fundamental right of parents to make decisions concerning the care, custody, and control of their children." *Owenby v. Young*, 357 N.C. 142, 144, 579 S.E.2d 264, 266 (quotation marks and citation omitted). Thus, "[w]hen the State moves to destroy

weakened familial bonds, it must provide the parents with fundamentally fair procedures, which meet the rigors of the due process clause." *In re Murphy*, 105 N.C. App. 651, 653, 414 S.E.2d 396, 397 (1992) (quotation marks and citation omitted). To protect a parent's due process rights in a termination of parental rights proceeding, the General Assembly has created a statutory right to counsel for parents involved in those proceedings. *See* N.C. Gen. Stat. § 7B-1101.1 (2022).

Section 7B-1101.1 provides that, in a termination of parental rights proceeding, "[t]he parent has the right to counsel, and to appointed counsel in cases of indigency, unless the parent waives the right." *Id.* § 7B-1101.1(a). The statute further provides that "[a] parent qualifying for appointed counsel may be permitted to proceed without the assistance of counsel only after the court examines the parent and makes findings of fact sufficient to show that the waiver is knowing and voluntary." *Id.* § 7B-1101.1(a1).

The right to court-appointed counsel is not absolute; a party may forfeit the right "by engaging in 'actions [which] totally undermine the purposes of the right itself by making representation impossible and seeking to prevent a trial from happening at all.'" *In re K.M.W.*, 376 N.C. at 209, 851 S.E.2d at 860 (quoting *Simpkins*, 373 N.C. at 536, 838 S.E.2d at 446). A conclusion that a parent has forfeited the right to counsel is restricted to situations involving "egregious dilatory or abusive conduct on the part of the [parent]." *Id.* (quoting *Simpkins*, 373 N.C. at 541, 838 S.E.2d at 449).

In *K.M.W.*, our Supreme Court considered whether a parent's behavior was sufficiently egregious to warrant forfeiture of her right to court-appointed counsel. In that case, two children were removed from their mother's care and adjudicated as neglected juveniles. *Id.* at 196-97, 851 S.E.2d at 852. The mother participated in several hearings on the matter alongside court-appointed counsel before indicating that she wished to waive her right to a court-appointed attorney to hire private counsel. *Id.* at 197-200, 851 S.E.2d at 852-54.

Four months later, the mother's private counsel filed a motion seeking leave to withdraw his representation, which was served on the department of social services, but not on the mother. *Id.* at 201, 851 S.E.2d at 854. At the hearing on his motion to withdraw, counsel informed the court that he had attempted to secure the mother's presence in court but had been unable to do so, and that he had been requested to withdraw by the mother. *Id.* The trial court allowed counsel to withdraw without further inquiry. *Id.*

The mother arrived late for the subsequent termination of parental rights hearing, which the trial court conducted without inquiring whether the mother was represented by counsel, whether she wished to have counsel appointed, or whether she wished to represent herself. *Id.* at 201, 851 S.E.2d at 855. Upon hearing the trial court's determination that grounds existed to terminate her parental rights, the mother left the courtroom without any explanation for approximately fifteen minutes before returning and apologizing to the court. *Id.* at 201-02, 851 S.E.2d at 855.

Our Supreme Court held that the trial court erred by allowing the mother to proceed pro se without making any inquiry regarding her waiver of counsel. *Id.* at 211, 851 S.E.2d at 861. The Court also rejected the guardian ad litem's alternative argument that the mother, through her conduct, had forfeited her right to counsel, holding that "nothing in respondent-mother's conduct had the repeatedly disruptive effect necessary to constitute the 'egregious' conduct that is required to support a determination that respondent-mother had forfeited her statutory right to counsel." *Id.* at 212-13, 851 S.E.2d at 862 (citation omitted).

Here, the trial judge, who has presided over the case at the trial court since its inception in 2017, found that:

> 13. The respondent father has had five different court appointed attorneys since the Court became involved with his family. The respondent mother has had six different court appointed attorneys since the Court became involved with her family.
>
> 14. Both respondent parents have exhibited a calculated plan to delay the court proceedings as much as possible. They have filed invalid appeals with the Courts of Appeal of North Carolina. At one point the respondent parents filed an appeal attempting to appeal a memorandum of law issued by the court which had not been reduced to a court order. The respondent parents also filed invalid appeals with the Supreme Court of the United States. While all these attempted appeals were dismissed by the respective courts, the parents used these tactics as ways to delay the court from moving forward with the Termination of Parental Rights case.
>
> 15. The respondent parents also learned that having an appointed attorney withdraw and a new attorney appointed resulted in the hearing being continued by the

court to allow the new attorney time to prepare for the hearing.

16. The respondent parents have taken advantage of this practice of the court in order to delay the [termination of parental rights] hearing by repeatedly waiting to at or near the time of a hearing to request their counsel to withdraw.

17. The respondent parents filed a lawsuit in Buncombe County Superior Court for the purpose to make their latest court appointed attorneys withdraw and to delay the trial court in reaching the hearing on the termination of parental rights petition. . . . While this lawsuit was also dismissed with prejudice it shows the lengths the respondent parents were willing to use to frustrate, disrupt, and delay the court process.

18. The respondent parents have forfeited their right to counsel by engaging in actions which totally undermine the purposes of that right to counsel by making representation impossible and seeking to prevent a trial from happening. This conduct has been egregious, dilatory, and abusive conduct on the part of respondent parents and has disrupted the court from proceeding to trial on the termination case in a timely manner.

The trial court's findings are supported by abundant evidence in the record, including Mother's invalid notice of appeal from a memorandum; Father's appeal to the United States Supreme Court, which he acknowledged he did not expect the Court to accept; numerous motions and orders allowing for withdrawal and appointment of counsel; Parents' testimony that they understood withdrawal and appointment of counsel would lead to a continuance; and Parents' pro se lawsuit against Stewart and Goins, which Parents acknowledged was intended, at least in part, to force Stewart and Goins to withdraw. Additionally, these findings are sufficient to support the conclusion that Parents' actions amounted to egregious, dilatory, and abusive

conduct, which totally undermined the purpose of the right to court-appointed counsel by effectively making representation impossible and seeking to prevent a trial from happening. Accordingly, the trial court did not err by concluding that "respondent parents have each separately and together forfeited their right to court appointed counsel by their deliberate acts."

### III.     Conclusion

For the foregoing reasons, the trial court's orders concluding that Parents had forfeited their right to court-appointed counsel and terminating their parental rights are affirmed.

AFFIRMED.

Judges GRIFFIN and THOMPSON concur.